# IN THE COURT OF APPEALS OF IOWA

No. 19-0044
Filed August 7, 2019

**IN THE INTEREST OF S.B.,**
**Minor Child,**

**S.B., Minor Child,**
       Appellant.

_____

Appeal from the Iowa District Court for Boone County, Stephen A. Owen, District Associate Judge.

S.B. appeals the juvenile court's determination he should be required to register with the sex offender registry. **AFFIRMED.**

Ashley M. Sparks of Cooper, Goedicke, Reimer & Reese, P.C., West Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Considered by Tabor, P.J., and Mullins and May, JJ.

**MAY, Judge.**

S.B. appeals the juvenile court's determination that he must register with the Iowa Sex Offender Registry.

In 2017, the juvenile court adjudicated S.B. as a delinquent for acts that would constitute sexual abuse in the second degree, a class "B" felony, if committed by an adult. In 2018, the juvenile court held a hearing to determine if it should waive S.B.'s registration on the Iowa Sex Offender Registry. *See* Iowa Code § 692A.103(3) (2015) ("A juvenile adjudicated delinquent for an offense that requires registration shall be required to register as required in this chapter unless the juvenile court waives the requirement and finds that the person should not be required to register under this chapter."). Following the hearing, the court ordered S.B. to register. S.B. appeals. He argues the juvenile court erred in failing to consider mitigating factors weighing against imposition of the registration requirement.

When an appellant challenges the juvenile court's exercise of statutory discretion, "we review the evidence de novo to determine whether the discretion was abused." *See In re A.J.M.*, 847 N.W.2d 601, 604 (Iowa 2014). Upon our review of the record, we conclude the juvenile court did not abuse its discretion in ordering S.B. to register. Registration can be waived only when the juvenile court finds the juvenile is "not likely to reoffend." *Id.* at 606. The record does not establish S.B. is unlikely to reoffend.

We agree with the ruling of the juvenile court, and we affirm without further opinion. *See* Iowa Ct. R. 21.26(1)(d), (e).

**AFFIRMED.**